2014 7035. Mr. Kinman. May it please the court, my name is Maxwell Kinman and I represent the veteran in this matter, Mr. Murphy. He's a veteran of the United States Army who served during the Vietnam War. The issue in this case, and the sole issue in this case, is whether or not Mr. Murphy's due process rights were violated when the VA unilaterally omitted his claim for benefits. Originally, in 1969, Mr. Murphy was granted service connection. This is almost an alphabet case, right? A versus B and C. A little bit. And this is an A case. He didn't appeal the Toddy appeal of B and C in an earlier case, right? An earlier decision. Well, Your Honor, it's a very complicated history here with this case. Well, I've got a nice timeline. Okay. But he failed to appeal the decision of untimeliness on B and C, right? Yes, Your Honor. He did not submit an appeal, a substantive form, VA Form 9 on the B and C issues. But he was given the opportunity to do so. He was, but prior to the How were his due process rights violated? Well, his initial claim that he filed with the VA was for hepatitis. He did not list hepatitis A. He was already service connected for hepatitis. So there was no reason for him to submit a new claim for hepatitis A, since that benefit had already been granted to him. His new claim was one for simply hepatitis. The VA then on their own determined that, followed the process, went forward with a rating decision where hepatitis B and C were not specifically listed. The decision was clearly for hepatitis. They denied him in a rating decision. Mr. Murphy then filed a Notice of Disagreement where he again submitted he's appealing the decision for hepatitis. After that Notice of Disagreement, the VA issued a statement of the case. And on the statement of the case, the VA again did not specifically list hepatitis A, hepatitis B, or hepatitis C. They denied his claim for hepatitis. Infectious hepatitis, though, correct? For infectious hepatitis. And are you disputing the medical distinction between hepatitis A, which was once known as infectious hepatitis, and hepatitis B and C? I'm not, but from the veteran's point of view, how is he supposed to know that if it's never told to him? These veterans here are not represented by attorneys at these lower levels. He's self-represented the entire time. He has a claims officer from a veteran's service organization, but he has no legal representative. And nowhere in any of the claims file was the veteran specifically told this is hepatitis A that we're denying, or this is hepatitis B that you need to appeal. The only notice that he was given was the statement of the case on July 30th of 2004, when on their own, the VA decided to issue a new statement of the case to specifically deny hepatitis B and C. But prior to that, he had already appealed his hepatitis decision, and that hepatitis decision was... But he wasn't even diagnosed with hepatitis B and C until 2002, correct? That's correct. In connection with his Agent Orange examination. And at that time, he was told that it was B and C. That's correct. So he has a claim for B and C, it's specifically denied in 2004, and he's told that it was denied based on the fact that there was no connection with the B and C. That's correct, Your Honor. But prior to that, he had already started the appeal process for hepatitis. And from the veteran's point of view, when he submitted a new claim, it was for his hepatitis B and C. It was not for his prior hepatitis. And when the VA, in all of their decisions prior to that 2004, do not list hepatitis A, they just say infectious hepatitis, the veteran was not put on notice, and he was not given proper notice that his claim was not for both hepatitis B and hepatitis C. He had already submitted VA Form 9, which is the appellate form, specifically stating that he is appealing his denial of hepatitis B and hepatitis C. When was that? Your Honor, that was in February of 2003. So on his VA Form 9, it's in the record at page 153, he specifically lists… Okay, that was denied. Well, that, Your Honor, was never decided because… Well, it was decided in 2004, wasn't it? It was, but it was decided out of order. That was a statement of the case in 2004 that was issued. The proper… But that was untimely in 2005, and he did not appeal that. So B and C are gone, right? That is the Secretary's argument, Your Honor. The veteran's argument is that his claim for hepatitis has been pending since he initially filed this claim in 2001, because what he claimed, what he listed on the form was hepatitis, and it was never separately denied for hepatitis. In fact, a rating decision was not issued for hepatitis B and C. Instead, it was simply a statement of the case that was issued in July of 2014 that then separated out the B and C improperly from the hepatitis A. Like I stated, he had previously submitted the proper appellate paperwork. He had just done it out of order based on what the VA had submitted to him. They had previously denied his claim for hepatitis in a statement of the case in February of 2003. So the next layer of the appellate process is for the veteran to file what's called VA Form 9. The veteran files VA Form 9 stating that he's appealing his denial for hepatitis B and hepatitis C. The VA never acknowledges this, and in fact, a board decision is never authored specifically for the hepatitis B and hepatitis C. Instead, what happens after that VA Form 9 is filed is a separate statement of the case is issued simply denying the hepatitis B and the hepatitis C. And he, from the veteran's perspective, he had filed every appellate step that he needed to do. He simply failed to file an additional VA Form 9 specifically for the B and C because he had already done so. He had already appealed the decision denying his service connection for hepatitis. He appealed that to the board. What happened, though, is the VA and the board has failed to acknowledge and the further board decisions never list hepatitis B and hepatitis C until 2012. There's three board decisions, one in 2008, one in 2009, and one in 2010 that all remand the case, and they remand the case for infectious hepatitis. But part of the remand order... But that's A, right? 2012 is A. The 2012 board decision is denied for hepatitis A, and that's the first time the board decision says specifically hepatitis A. The prior board decisions, which were remands, were for solely infectious hepatitis. And as part of the remand orders, actually the board discusses the veteran's hepatitis B and his hepatitis C and orders the VA to develop those claims to have a medical opinion address hepatitis B and hepatitis C. So looking at the record as a whole, the veteran at that point is looking at these board decisions, and in the board decisions it's listing how the VA is going to address his B and C and what actions are going to be taken, what medical exams are going to be taken, and it's only this most recent one in 2012 which solely limits the claim to hepatitis A. Due process concerns have been addressed by this court in the past, and due process rights certainly apply to veterans. Congress has authorized the Veterans Claims Assistance Act, so Congress is the first to acknowledge that veterans are deserving of extra rights and they're deserving of extra help in VA-type cases that Social Security claimants don't get and other claimants at other agencies don't get. It's one thing to say that he's entitled to due process, but quite another to say that just because he was confused that it was a violation of due process to apply the timeline that this court was doing. Your Honor, I think that would go towards the fair process arguments that are similar to due process. Yes, specifically I'd still make the argument that due process-wise, his due process rights were violated because he had previously appealed this decision and it was only changed in 2012. The title of the caption was only changed in 2012. But the documents at JA-127 through 130 all make pretty clear that he understood that his BNC claim was different from his earlier claim, doesn't it? It does. In 2002, the JA-128, he specifically states that, yes, I'm trying to have a new claim for hepatitis B and hepatitis C. He's trying to be as clear as possible for the VA. He then receives immediately after that 2002 statement in February 2003, the statement of the case denies his claim for infectious hepatitis. No mention is made of this is only for hepatitis A. The veteran then immediately after that statement of the case, JA-153, submits VA Form 9, where again he's clear. He says, I am appealing this decision for again my hepatitis B and my hepatitis C. Because he knows he's already service-connected for hepatitis A. There's no sense for him to file that claim. The only claim he's seeking here is hepatitis B and hepatitis C. It's the only claim he's been seeking since the beginning of this case. The board then comes back in their board decisions starting at JA-186. They have a remand for infectious hepatitis. In 2008, another remand for infectious hepatitis at JA-212. And it's only at the 2012 decision at JA-263, where the board determines that we're going to now limit this claim to hepatitis A. Now, yes, if Mr. Murphy was a doctor, he probably should have known that infectious hepatitis is really hepatitis A. But he's not a doctor, and like most veterans at this level, he is uneducated, he is at a lower income level, and he has nobody helping him. The VA is supposed to make it clear to these veterans, and that's a due process violation. It would be a simple fix. Right in the decision, we are denying your claim for hepatitis A. If you wish to appeal hepatitis B and hepatitis C, these are the steps you should follow. Mr. Murphy, he didn't know the difference between infectious hepatitis, hepatitis A, hepatitis B, and hepatitis C. He knew that he had hepatitis B and C, and when he saw decisions that were denying his claim for infectious hepatitis, he assumed, and what I would argue is he properly assumed, that that was part of his appellate process. But the first time that there was a timeliness denial, or when he received a timeliness denial, he didn't appeal from that. Why didn't he appeal from that and argue that you shouldn't have found me untimely because of this confusion? Your Honor, the first time that that was noted was in the statement of the case in 2004. And from a VA claimant's perspective, they're getting paperwork all the time. And what Mr. Murphy believed was that he had already appealed the statement of the case in 2003. He had already submitted his VA Form 9, specifically appealing hepatitis B and hepatitis C. That was JA 153. So he did not believe that he had to submit a new additional VA Form 9. Now we can all agree that if he had an attorney at the time, if he was properly represented, certainly he would have immediately filed that VA Form 9 and appealed B and C just to avoid this. But he, from his perspective, had already initiated the appellate process to the board by submitting that VA Form 9. And on the form itself, he specifically lists hepatitis B, hepatitis C. These are the claims that I'm appealing. But his mistaken belief that he had already appealed and therefore didn't have to appeal again after he received the July 2004 notice is not a violation of due process, is it? Your Honor, I would argue it's more than just simply a mistaken belief. His initial claim was for hepatitis. His notice of disagreement that he submitted was for hepatitis. The only difference is the only mistake... But due process comes from the agency, not from his own misbelief. And the agency failed to list on the paperwork that his claims for hepatitis B and hepatitis C were denied. Instead it listed your claims for infectious hepatitis are denied. And there are very few individuals that will know that infectious hepatitis is only hepatitis A. If you're going to your doctor's office and your doctor tells you you have hepatitis and it's infectious, that's enough for you to realize that this is a virus, this is a disease. And in all honesty, there's not that big of a difference between... Mr. Kidman, you're down to less than two minutes, about a minute and a half of rebuttal. Do you want to save it? Yeah, I will save it. Thank you, Your Honor. Mr. Sweet. Thank you, Your Honor. May I please report, at Joint Appendix page 132, this is the rating decision for his hepatitis B and C claim. My brother just indicated that the VA never informed Mr. Murphy that it was denying his claims for B and C. On that page, it says, decision, quote, service connection for hepatitis C is denied. Service connection for hepatitis B is denied, end quote. Mr. Murphy demonstrated his understanding that the Department of Veterans Affairs was separately adjudicating his hepatitis B and C claim by filing a separate notice of disagreement with this decision. The Department of Veterans Affairs then issued a statement of the case regarding a separate one addressing hepatitis B and C. Mr. Murphy again demonstrated his understanding that they were separately adjudicating his hepatitis B and C claim by attempting to file a separate substantive appeal with that hepatitis B and C statement of the case. That substantive appeal was untimely. However, the VA had provided Mr. Murphy with an opportunity to challenge that timeliness decision. What about his argument that, obviously, no one knew the distinctions between A, B, and C back in 1969, so he makes an infectious hepatitis claim, and never does the Board later explain that when it's dealing with his infectious hepatitis claim, it's only dealing with something that they perceive to be something called hepatitis A. So while they differentiate out B and C, they don't really explain that infectious hepatitis isn't a catch-all. Oh, that's incorrect, Your Honor. On page, joint appendix 171, this is the statement of the case on the B and C claim. It indicates, quote, there is no causal relationship shown between your service-connected infectious hepatitis, in parentheses, term previously used for hepatitis A virus infection, end quote, and your current diagnosis of hepatitis C. So the Department of Veterans Affairs had informed him. You're saying, well, there may have been uncertainty when he was originally diagnosed with infectious hepatitis. At a subsequent time, when the due process issue comes into play, he was informed about B and C. Yes, and at the time in 1969 when he was diagnosed, it was just referred, hepatitis A was just referred to as infectious hepatitis. What about the medical records in the case where there's at least a hint that he might have actually had both A and B back in 1969? I don't think there was a hint. There was never a diagnosis in 1969 that he had B. The only time that there is evidence developed that he may have had hepatitis B back in 1969 is the recent medical report, which I think was from 2010. I'm not sure of the exact date. So it wasn't until that point that there was some kind of medical evidence that there was B. However, at that point, his B claim, he had not appealed. So at this point, if you want to raise that issue, you have to go back and argue a new material evidence. However, that medical expert did note that his B is resolved as evidenced by antigens in his blood. So he no longer would be entitled to anything for that. Well, it may not be material here, just out of curiosity. While the viruses are obviously now distinguishable by their structure, do they have the same symptoms? No, I believe the symptomatology is different. There may be some overlap, but I believe there are also differences. Speaking as a layman, I think generally hepatitis A is similar to a very bad flu, and hepatitis C is substantially more serious. But the evidence in the record says that hepatitis C essentially has no symptomatology, and so it's too late, generally. Right, at the initial infectious stage, usually there's no symptomatology for C. And as Your Honors noted, even if Mr. Murphy at some point was confused, the issue for due process purposes is not his subjective understanding, but the reasonableness of the notice provided by the agency. And as I indicated at the beginning, the agency provided reasonable notice. Mr. Murphy also raises a fair process argument, but as this Court has recognized, fair process only arises when the Board relies on evidence that wasn't before or wasn't addressed in the most recent statement of the case. It's not a broad due process light that you can raise any procedural argument you want. So, if Your Honors have no further questions, for these reasons and reasons not brief, I respectfully request... You're not asking us to overrule Cushman at this point? No, Your Honor. Okay. Thank you, Mr. Sweet. Thank you. Mr. Kinman has about a minute and a half for rebuttal. Yes, Your Honors, thank you. Just to begin, the symptoms of hepatitis of the various A, B, and C are all different, and actually there's now different strains of hepatitis B, and I believe E is the newest one. Similar to the flu, these different strains of the virus cause relatively different symptoms, but they're all from the same viral family. To end on, I would just point to the record, to the Joint Appendix on page 223, and this is the Board's decision, the Board's very own decision after the confusion between hepatitis B and C and A, and it's from November of 2008, and in the Board's very own decision, they're discussing on page 223 the differences of symptoms between hepatitis C and hepatitis B. So the Board, even up to 2008, is still assuming that the veteran's claim is for hepatitis A, B, and C. If not, they wouldn't even need to discuss the B and C symptoms because they could simply say, we're only here for an increased rating claim of hepatitis A. But the Board in this decision, the Board in the next decision in 2010, and the Board in the prior decision in 2008, all discussed symptoms related to hepatitis B and C because the Board's under the belief, additionally, like the veteran is, that he is seeking service connection for the hepatitis. If the Board was correct, they wouldn't need to discuss any of this. They would simply say, the veteran's symptoms do not meet the rating schedule for higher ratings under hepatitis A. Thank you, Your Honors, for your consideration. Thank you. Mr. Kinman, we'll take the case under review.